OPINION OF THE COURT
Arthur W. Lonschein, J.
This is a motion for a preliminary injunction and temporary *490 closing order pursuant to the Nuisance Abatement Law (Administrative Code of City of NY § 7-701 et seq.). It is claimed that the defendant is an adult bookstore operating in a Cl-2 overlay within a RZ-1 Zoning District and is thus operating in violation of section 32-01 (a) of the New York City Zoning Resolution.
The adult use provisions of the Zoning Resolution restrict the location by which adult establishments may operate. Section 12-10 of the Zoning Resolution defines an adult establishment in part as a “commercial establishment” where a “ ‘substantial portion’ of the establishment includes an adult book store.” An adult bookstore is a bookstore which has as a “ ‘substantial portion’ ” of its stock in trade any one or more of the following: books or magazines which emphasize the depiction or description of sexual activities or specified anatomical areas.
The defendant is located in a zone which prohibits the operation of such an adult bookstore. The question before the court is whether the defendant is an adult bookstore as defined by statute in that a “substantial portion” of the merchandise for display and sale are books, magazines, periodicals, or printed matter which emphasize sexual activities or specified anatomical areas.
The inspectors for the City have testified that in their inspections of the premises they noted a large amount of adult videos and literature for sale, as well as lubricants and condoms also for sale. In addition, there was even a larger amount of non-adult material for sale such as cartoon videos, karate-type videos and family-type videos. The space allocated for nonadult materials appears to be 64% of the accessible space, 33% adult, the balance of the space being nonaccessible to the public. Thus the defendants claim that pursuant to the so-called 60-40 rule used as a measurement as to what constitutes a “substantial portion” as defined in the statute, the adult portions of the store consist of less than 40% of the public space and the motion should be denied. The City took the position that the attempts by the defendant to comply with the Zoning Resolution were a sham and that the main purpose of the store is to merchandise adult material and that the nonadult material consisting of cartoons and karate videos is simply a cover for the adult material.
The hearing on the issues was held prior to the decision of the Court of Appeals in City of New York v Les Hommes (94 *491 NY2d 267). Prior to that determination, the controlling law was that of the Appellate Division, First Department, in its decision in City of New York v Les Hommes (258 AD2d 284) which held that the court could consider whether a surface compliance with the letter of the Zoning Resolution, as interpreted by the City’s Operations Policy and Procedure Notice No. 4-98 (OPPN No. 4-98) was in fact a sham and hence subject to closure. The defendant in that case had purported to comply with the letter of the Zoning Resolution by limiting adult material to less than 40% of its stock and floor space. The Appellate Division found the defendant’s stocking of nonadult material to be a sham, and ordered the closure of the premises.
It seemed likely in this case that the defendant’s premises was in compliance with a literal reading of the applicable standards, and the issue was whether this compliance was a sham. The parties submitted memoranda of law primarily addressing this issue.
The Court of Appeals held, however, that the existing OPPN did not allow for such consideration, and that the only relevant considerations were the amount of stock and of floor space. Following the Court of Appeals determination, the court was asked to hold this matter in abeyance on the grounds that the City was about to issue a revised OPPN. The revised OPPN (No. 1/00), entitled “Adult Establishment — Factors Evidencing Sham Compliance,” stated explicitly that it was intended to address the Court of Appeals decision in Les Hommes {supra), and that it “sets forth additional considerations or factors not specifically set forth in [the prior OPPN] to assure that the adult use provisions are not undermined by sham efforts at compliance.” The parties have submitted further memoranda setting forth their views of the revised OPPN.
The court is asked here by the City to give effect to a changed administrative interpretation of the Zoning Resolution, adopted after the submission of the matter for decision, expressly to change the result in this and similar cases. The court declines to give the revised OPPN such retroactive effect. To allow such retroactive effect would allow the City, at its pleasure, to render conforming establishments illegal, without giving the owners prior notice or an opportunity to come into compliance. The City has not cited any authority which would allow such a result, nor is the court aware of any. The City’s position is tantamount to changing the rules after the game has been played. “[0]ne should be cautious about changing the rules after the game has begun” (Wallace v Reno, 194 F3d 279, 287).
*492 The court finds that as of the commencement of this action the defendant’s establishment was in compliance with the Zoning Resolution as interpreted by then-existing administrative guidelines and the determination of the Court of Appeals in City of New York v Les Hommes (supra). That is the only issue properly presented in this action. Accordingly, the complaint is dismissed, without prejudice to any future applications related to the Zoning Resolution as interpreted by the revised OPPN.